IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| (1) | JAMES BASS, | ) | |
| | | ) | |
| | Plaintiff, | ) | |
| | | ) | Civil Action No. CIV-21-278-D |
| v. | | ) | |
| | | ) | |
| (1) | EATON HYDRAULICS LLC, | ) | |
| | | ) | |
| | Defendant. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff, JAMES BASS, files this action against Defendant and by way of complaint against Defendant alleges the following:

**I.  Nature of Action**

1.1    This jury action seeks redress for Defendant's violation of the laws of the United States in connection with the termination of Plaintiff's employment.  The action specifically seeks to enforce rights created under the Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et. seq*.  As redress for Defendant's violation of the FMLA, Plaintiff prays for and demands declaratory, legal and equitable relief, including back pay, reinstatement or, in the alternative, front pay, liquidated damages, and attorney fees and costs.

**II.  Jurisdiction**

2.1    This Court has jurisdiction over Plaintiff's FMLA claim brought under federal law and this suit is authorized and instituted pursuant to 29 U.S.C. § 2617(a)(2).

1

2.2    At all times material to this action and at Plaintiff's leave request, Plaintiff was an employee who had been employed for at least 12 months by Defendant and worked for at least 1,250 hours of service with Defendant during the previous 12 month period within the meaning of 29 U.S.C. § 2611(2)(A).

2.3    Plaintiff was an "employee" of Defendant, and Defendant was the "employer" of Plaintiff, within the meaning of 29 U.S.C. § 2611 (2)(A) and (4)(A) of the FMLA.

2.4    All conditions precedent to Plaintiff's entitlement to relief in this action have been fulfilled and satisfied.

### III. Parties

3.1    Plaintiff is a male citizen of the United States and a resident of Pottawatomie County, Oklahoma.

3.2    At all times material to this action, Defendant has continuously been a foreign limited liability corporation registered to do business in the Oklahoma.  Service of this Original Complaint and Demand for Jury Trial may be accomplished by serving its registered agent:  The Corporation Company, 1833 S. Morgan Road, Oklahoma City, OK  73128.

### IV.  Background Facts

4.1    On or about March 2017 Defendant hired Plaintiff for the full-time position of Assembly Technician.  He was later promoted to Machinist and always met or exceeded performance expectations.  His shift was 3 pm to 11 pm.

**FMLA Leaves of Absence**

4.2     On or about September 28, 2020, Plaintiff tested positive for Covid-19 and began a leave of absence.   Defendant selected Sedgwick, a third party leave vendor, to administer this leave..

4.3     Sedgwick administered his leave under the Family and Medical Leave Act.

4.4     On or about November 13, Plaintiff was permitted to return to work from FMLA leave.

4.5     A few weeks later, Plaintiff later began feeling ill with increasing symptoms of cough, throat pain, fatigue, shortness breath, diarrhea, chest pain and difficulty breathing.

4.6     Before his shift began, on December 3, 2020, Plaintiff presented himself for emergency treatment at a hospital.   After treatment and tests, he was released with diagnosis of Acute Bronchitis with the following medication regimen: Albuterol (inhaler), Zithromax and Prednisone.   Plaintiff was removed from work until December 7.

4.7      While in the emergency department, Plaintiff attempted to reach Brett Allen, Team Lead, by phone.

4.8     Later that afternoon, Plaintiff was able to speak with Supervisor Allen on the phone regarding his treatment and removal from work until Monday, December 7. Supervisor Allen approved Plaintiff for leave December 3 – 6.

4.9     Plaintiff's leave from December 3 through 6 was qualified as leave under the FMLA.

4.10   Defendant, not Sedgwick, administered Plaintiff's leave of absence beginning December 3.  Defendant did not notify Plaintiff of administration of his leave under the FMLA.  Based upon information and belief, Defendant did not administer this leave under the FMLA.

4.11   Plaintiff returned to work from leave December 7 with copies of treatment records.

4.12   The next day, on or about December 8, 2020, Plaintiff experienced a dental emergency and underwent extraction of two teeth prior to the start of his shift.  Plaintiff was removed from work until December 14 for recovery and pain medication regimen.

4.13   Prior to the start of his shift, Plaintiff had requested and was approved for a leave of absence by Harriet, Human Resources, and his supervisor, Josinei Alvez, from December 8 - 13.

4.14   Plaintiff's leave from December 8 through 13 was qualified as leave under the FMLA.

4.15   Defendant, not Sedgwick, administered Plaintiff's leave of absence. Defendant did not notify Plaintiff of administration of his leave under the FMLA.  Based upon information and belief, Defendant did not administer his leave beginning December 8 under the FMLA.

4.16   The next day, on or about December 9, Plaintiff returned to the facility with treatment records and sought permission for early return from approved leave.  Defendant kept him approved leave of absence until Monday, December 14.

4

**Termination at End of FMLA qualified leave**

4.17    On Monday, December 14, Jason Duncan, supervisor, called Plaintiff at home prior to his shift.   Supervisor Duncan terminated Plaintiff's employment under an attendance policy for failing to request leave prior to the beginning of his shift on December 3.

4.18    This phone call from Supervisor Duncan was the first notification to Plaintiff of violation of policy on December 3.

4.19    Prior to the start of his shift on December 3, Plaintiff was receiving emergency medical treatment and unable to follow a call-in policy.   Plaintiff called the facility as soon as his condition stabilized, had access to and was able to use his phone.

## COUNT I:   FMLA

### (Interference, Restraint or Denial of FMLA rights)
### (Retaliation for Requesting and taking FMLA leave)

5.1    Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 4.19 of this Original Complaint.

5.2    Plaintiff worked for Defendant at least twelve months and Defendant has continuously employed and does employ fifty or more employees within the meaning of 29 U.S.C. Section 2611(2).

5.3    All conditions precedent to the prosecution of this cause of action by Plaintiff has been satisfied.

5.4    At all times material to this action, Defendant has retaliated and/or interfered with, restrained, and denied to Plaintiff the exercise of and attempted exercise

of rights under Section 2615(a)(1) of the FMLA by Defendant's action and omissions including but not limited to the following:

      a. Failing to notify Plaintiff of decision to designate his leave under FMLA leave after receiving sufficient information from Plaintiff of FMLA-qualifying reasons. 29 C.F.R. § 825.301 (a);

      b. Terminating Plaintiff's employment during FMLA qualified leave;

      c. Failing to rehire or reinstate Plaintiff to his position with all benefits;

5.5    As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has been damaged by the loss of his employment with Defendant and the loss of compensation, including wages and employee benefits, he would have received as an employee of Defendant had her rights under the FMLA not been interfered, restrained or denied or been retaliated for his exercise and/or attempted exercise of FMLA rights.

5.6    In violating the FMLA, Defendant acted with malice and with reckless indifference to the federally protected rights of Plaintiff within the meaning of 29 U.S.C. § 2617 (a)(1)(A)(iii) of the FMLA.

5.7    As a direct and proximate cause of the violations of the FMLA, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

### Prayer for Relief

WHEREFORE, PLAINTIFF prays that this Court:

1.      A judgment that Defendant has engaged in all of the conduct alleged in this Original Complaint, and that Defendant has, by engaging in such conduct, violated the FMLA.

2.      An injunction permanently enjoining Defendant from engaging in the future the discriminatory employment practices alleged in this Original Complaint.

3.      A judgment against Defendant awarding Plaintiff an amount equal to the lost wages and employment benefits had he not been terminated by Defendant in violation of the FMLA.

4.      An order reinstating Plaintiff to the position, seniority and level of compensation, including wages, bonuses and benefits, he would have enjoyed had he not been terminated by Defendant in violation of the FMLA, or, in the alternative, a judgment awarding Plaintiff an amount equal to the front pay, including salary/wages, bonuses and benefits, he would have received, from the date of judgment through the date he would have retired or resigned from employment at Defendant.

5.      Enter an equivalent money judgment awarding Plaintiff liquidated damages, as provided in 29 U.S.C. § 2617 (a)(1)(A)(iii);

6.      A judgment against Defendant awarding Plaintiff compensatory damages as redress for Defendant's unlawful conduct;

7.       A judgment against Defendant awarding Plaintiff an amount equal to the costs of bringing this action, including a reasonable attorney fee.

8.      A judgment awarding Plaintiff such other legal and equitable relief as may be appropriate, including prejudgment and postjudgment interest.

7

Respectfully submitted,


<u>S/Jeff Taylor</u>
Jeff A. Taylor
State Bar No. 17210
Offices at Deep Fork Creek
5613 N. Classen Blvd
Oklahoma City, OK  73118
Telephone:   (405) 286-1600
Telecopy:    (405) 842-6132

COUNSEL FOR PLAINTIFF


## DEMAND FOR JURY TRIAL

In accordance with Fed.R.Civ.P. 38(b), Plaintiff demands a jury trial of all of his claims in this action.

<u>s/ Jeff A. Taylor</u>
Jeff A. Taylor